# 2000 DTA 169

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA-FAJARDO**

DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES
Demandante-Recurrido

v.

WILLIAM SOTO BURGOS
Demandado-Peticionario

Núm. KLCE-2000-00561

San Juan, Puerto Rico, a 23 de junio de 2000

Panel integrado por su Presidente, Juez Miranda De Hostos
y los Jueces Rivera Pérez y Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso de *certiorari*, la parte peticionaria pretende de esta Curia la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo en Humacao, el 12 de abril de 2000, notificada y archivada en autos copia de la misma el 28 de abril de 2000. ■ Dicha resolución declaró no ha lugar la solicitud de traslado de una acción de desahucio al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vieques. Se expide el auto solicitado y se revoca la resolución recurrida.

### I

El 1 de marzo de 2000, el Departamento de Recursos Naturales y Ambientales (en adelante el Departamento) radicó acción de desahucio contra el señor William Soto Burgos, ante el Tribunal de Primera Instancia, Sala Superior de Fajardo en Humacao. ■ Adujo que es custodio de una porción de terreno en el área de Punta Soldado en la Isla Municipio de Culebra. Dichos terrenos los adquirió mediante un documento denominado *"Quit Claim Deed"* suscrito por el Gobierno de los Estados Unidos de América para el año 1982. Alegó que el demandado mantiene una estructura de madera y cemento en esos terrenos. Arguyó que funcionarios del Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales intervinieron en varias ocasiones con el demandado para que desalojara el área aludida, quien hizo caso omiso a dichos requerimientos. Actualmente, la estructura del demandado es la única existente en el área de Punta Soldado; los restantes son escombros y estorbos de estructuras ya abandonados. Finalmente, alegó que es imperioso para la parte demandante remover la estructura de la parte demandada para sanear el área completamente y rehabilitarla para el uso y disfrute del Pueblo de Puerto Rico.

El 5 de abril de 2000, el demandado de autos, señor William Soto Burgos, presentó una *"Moción de Desestimación por Falta de Jurisdicción"*. ■ Adujo que no fue emplazado, conforme a las exigencias de la Regla 4 de Procedimiento Civil. ■ La declaración jurada de la emplazadora, señora Carmen Ayala Espinosa, no estableció el lugar específico donde alegadamente él fue emplazado. ■ Argumentó que tal defecto conlleva la nulidad del emplazamiento diligenciado en la persona del demandado. Ese mismo día, el demandado de autos presentó una *"Moción de Traslado"*, ■ conforme a la Regla 3.5 de Procedimiento Civil. ■ Adujo que la Ley de la Judicatura de Puerto Rico de 1994, ■ establece que la Sub-sección de Distrito del Tribunal de Primera Instancia, durante el transcurso de su abolición, conocerá concurrentemente con la primera, la Sala Superior del mismo tribunal, asuntos tales como toda demanda de desahucio, cuando el canon de los arrendamientos o el precio o cantidad que por virtud de cualquier contrato deba pagarse computado por una anualidad, no exceda de $12,000. Argumentó que la Sub-sección del Tribunal de Distrito, Sala de Vieques, es donde se ventilan todas aquellas acciones que surjan en el Municipio de Culebra. ■ Finalmente, planteó que la demanda de desahucio de autos no adujo cuantía alguna. Además, que por tratarse de un desahucio en precario, la competencia del caso de autos le corresponde al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vieques. Posteriormente, el demandado reprodujo los planteamientos antes esbozados, mediante el escrito titulado *"Moción Reiterando Solicitud de Desestimación por Falta de Jurisdicción y Reiterando Traslado"* presentado el 1 de mayo de 2000. ■ Tanto la moción de desestimación, como la solicitud de traslado, no fueron objetadas por el Departamento, demandante de autos. ■

El 12 de abril de 2000, el tribunal *a quo* declaró no ha lugar la solicitud de traslado. ■ Inconforme con la anterior decisión, el peticionario acude ante nos, señalando como único error cometido por el Tribunal de Primera Instancia el siguiente:

*"El Tribunal de Primera Instancia erró al declarar no ha lugar la moción de traslado, pues el tribunal con competencia es el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vieques, por razón de no existir cuantía en el desahucio radicado."*

### II

El presente recurso requiere que examinemos si en efecto el Tribunal de Primera Instancia, Sala Superior de

Fajardo en Humacao, tiene competencia sobre la acción de desahucio de autos. A base del ordenamiento jurídico que regula la competencia territorial, entendemos que no. Veamos.

La Regla 3 de Procedimiento Civil ▮ regula lo concerniente a la competencia de nuestros tribunales. Dicha regla lee como sigue:

*"Todo pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso, por razón de haberse sometido a una sala sin competencia o autoridad para ello. Todo pleito podrá tramitarse en la sala en que se presente, por convenio de las partes y la anuencia del juez que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez a la sala correspondiente."*

La competencia es *"la manera en que se organiza, se canaliza el ejercicio de la jurisdicción que tiene el tribunal"*. ▮ De otra parte, las reglas de competencia son las que establecen la ordenada tramitación de los asuntos judiciales dentro de nuestro sistema de jurisdicción unificada. ▮ Nuestro Tribunal Supremo ha expresado que: ▮

*"Los jueces deben tener presente que no atenerse a las reglas de competencia puede conducir a la anarquía y resultar en detrimento de la "solución justa, rápida y económica de todo procedimiento". ...De no existir razones de peso, los jueces de instancia deben abstenerse de dar su anuencia, si de la faz de la demanda aparece que no se está ante el tribunal competente."*

Puerto Rico constituye un sólo distrito judicial. ▮ Eso significa que no puede desestimarse una demanda por el único hecho de haberse radicado en una sala sin competencia. ▮ Nuestro Tribunal Supremo ha reiterado que la Constitución de Puerto Rico restringió el poder de la Asamblea Legislativa a determinar la competencia de los tribunales, no su jurisdicción. ▮ Bajo esta premisa cardinal, invariablemente se ha pronunciado en el sentido de que el término *"jurisdicción"* en la ley corresponde a aquella facultad potestativa para adjudicar controversias. ▮ El mandato es claro; la Asamblea Legislativa no puede variar el principio de unidad jurisdiccional del sistema. ▮ Por tanto, una decisión de un tribunal sin competencia territorial no es nula, pues lo que le imparte validez a la decisión es que haya sido emitida por un tribunal con jurisdicción. ▮ En tal caso, el Tribunal de Primera Instancia tiene jurisdicción para atender la demanda, aunque la sala en particular donde ésta se radicó no tenga competencia territorial sobre ella. Procede el traslado de la acción a la sala con competencia, para asegurar la más eficiente administración de la justicia. ▮

La competencia territorial de las distintas salas del Tribunal de Primera Instancia en asuntos de naturaleza civil, está gobernada por las Reglas 3.1 a 3.4 de las de Procedimiento Civil. ▮ La norma general establecida por la Regla 3.4 de Procedimiento Civil, ▮ es que los pleitos deben presentarse en la sala correspondiente a aquélla en que tuvieran establecidas sus residencias los demandados, salvo que existan otras circunstancias excepcionales.

Precisa ahora señalar las disposiciones legales que establecen la competencia de los tribunales concernidos en la acción de autos.

El Artículo 9.103 (a) (5) de la Ley de la Judicatura de Puerto Rico de 1994, *supra,* ▮ establece la competencia concurrente de la Sala Superior del Tribunal de Primera Instancia y la Sub-sección de Distrito de dicho tribunal.

Este lee, en lo pertinente:

*"El Tribunal de Distrito, durante el transcurso del período del proceso de [su] abolición, conocerá concurrentemente con el Tribunal Superior de los siguientes asuntos:*

*(a) En lo civil:*

...

*(5) De toda demanda sobre desahucio, cuando el canon de los arrendamientos o el precio o cantidad que por virtud de cualquier contrato deba pagarse computado por una anualidad, no exceda de doce mil (12,000) dólares."*

De la precitada disposición, se desprende claramente que la misma dispone la competencia concurrente sobre la materia. En particular, sobre toda acción de desahucio, como la de autos, cuyo canon de arrendamiento no exceda de $12,000. Precisa señalar que la acción de desahucio de autos instada por el Departamento no hizo referencia a canon de arrendamiento alguno. ▮▮▮

El Artículo 9.101 de la Ley de la Judicatura, inciso (22), ▮▮▮ prescribe que el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vieques, abarca al Municipio de Culebra. En virtud de ello, el demandado, aquí recurrente, solicitó en autos el traslado a la Sub-sección de Vieques del referido tribunal. Dicho artículo lee, en lo pertinente:

*"El Tribunal de Distrito podrá celebrar sesiones en todos los municipios de Puerto Rico, según la necesidad judicial lo requiera y de conformidad a la transición constitutiva del proceso de ser abolido, según lo dispuesto en la sec. 23c de este título.*

*Durante la existencia del Tribunal de Distrito, en el período del proceso de su abolición, tendrá como sede de sus varias salas los municipios que hasta la vigencia de esta ley le habían servido como tal.*

*Las sedes que comprenden las salas del Tribunal de Distrito son las siguientes:*

...

*20. Fajardo. -Incluye los municipios de Ceiba y Luquillo.*

*21. Yabucoa. -Incluye el municipio de Maunabo.*

*22. Vieques. -Incluye el municipio de Culebra.*

...".

Precisa señalar que otro criterio que confiere competencia territorial en el caso de autos a la Sub-sección de Distrito, Sala de Vieques, descansa en el Artículo 622 del Código de Enjuiciamiento Civil, según enmendado por la Ley Núm. 291 de 4 de diciembre de 1998. ▮▮▮ Este dispone que *"tendrán jurisdicción para conocer de las demandas sobre desahucio, los jueces del Tribunal en que radique la finca. Si la finca estuviese radicada en territorio correspondiente a dos o más distritos judiciales, podrá establecerse la demanda ante cualquiera de los tribunales respectivos en cuyo territorio radicare alguna porción de la finca".*

Por otro lado, la parte recurrida arguye que el Artículo 9.103 de la Judicatura de Puerto Rico de 1994, *supra*, al establecer la competencia concurrente, no confiere jurisdicción primaria al Tribunal de Primera Instancia, Sub-sección de Distrito, respecto a las demandas de desahucio. ▮▮▮ Planteó que por tratarse de una acción de competencia compartida entre ambas salas del Tribunal de Primera instancia, el demandante de autos está en libertad de acudir a cualquiera de ellas para vindicar sus derechos. Por los principios básicos de competencia que mencionáramos anteriormente, entendemos que no le asiste la razón a la parte recurrida.

Por otro lado, el Artículo 5.005 de la Ley de la Judicatura de Puerto Rico, ▮▮▮ según enmendada, alude al

recién creado Tribunal de Primera Instancia, correspondiente a la Región Judicial de Fajardo, el cual incluye los municipios de Ceiba, Culebra, Luquillo y Vieques. Dicho Artículo lee como sigue:

*"El Tribunal de Primera Instancia tendrá sedes y salas y celebrará sesiones en San Juan, Bayamón, Arecibo, Aguadilla, Mayagüez, Ponce, Guayama, Humacao, Caguas, Aibonito, Utuado, Carolina y Fajardo. Además, tendrá salas y celebrará sesiones en aquellas sedes del Tribunal de Primera Instancia creadas por virtud del proceso de conversión de sedes del Tribunal de Distrito en sedes del Tribunal de Primera Instancia, de conformidad a lo dispuesto en las secs. 23i a 23k de este título. De conformidad a la necesidad judicial determinada por el Juez Presidente del Tribunal Supremo, a tenor con lo dispuesto en la Constitución del Estado Libre Asociado de Puerto Rico, podrá celebrar sesiones en todos los municipios que hasta la vigencia de esta ley estaban incluidos en las anteriores regiones judiciales de igual nombre.*

*Las regiones judiciales que comprenden las salas del Tribunal de Primera Instancia son las siguientes:*

*"...*

*(1) Carolina. -Incluye los municipios de Canóvanas, Loíza, Río Grande y Trujillo Alto.*

*(m) Fajardo. -Incluye los municipios de Ceiba, Culebra, Luquillo y Vieques."*

No obstante lo antes dispuesto, el Tribunal de Primera Instancia tendrá salas en cada municipio del Estado Libre Asociado de Puerto Rico en las cuales por lo menos un Juez Municipal por municipio desempeñará las facultades que conforme a este Capítulo se le asignan.

En conclusión, si bien es cierto que el Artículo 9.103 (a)(5) de la Ley de la Judicatura, *supra*, confiere competencia concurrente de la materia al Tribunal de Primera Instancia, Sala Superior, y a la Sub-sección de Distrito del mismo tribunal, respecto a las acciones de desahucio cuyo canon no exceda de $12,000, el Artículo 9.101 reglamenta la competencia territorial de las salas concernidas. En vista de lo anterior, la competencia concurrente sobre las acciones de desahucio está sujeta a la competencia territorial establecida en el Artículo 622 del Código de Enjuiciamiento Civil, *supra*, y a la norma general de que los pleitos deben presentarse en la sala correspondiente a aquélla en que tuvieran establecidas sus residencias los demandados. Por tanto, al Departamento, demandante de autos, no le asiste la razón, a los efectos de que por tratarse de una acción de competencia compartida entre ambas salas del Tribunal de Primera Instancia está en libertad de acudir a cualquiera de ellas para vindicar sus derechos. Concluimos que el Tribunal de Primera Instancia, Sala Superior de Fajardo en Humacao, cometió el error señalado. La competencia territorial sobre el asunto de autos le corresponde al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vieques.

Por los fundamentos antes expresados, se expide el auto de *certiorari* solicitado y se revoca la resolución recurrida. Se ordena el traslado del caso de autos al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Vieques, para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General